# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Robert L. Rouillard,

Plaintiff,

v.

William J. Henderson, Postmaster General, United States Postal Service,

Defendant.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

Civil No. 01-2158 ADM/RLE

This matter came before the Court for a bench trial commencing August 11, 2003. On the second day of trial the parties settled the case. Exhibit A: Transcript of Settlement. The settlement terms called for the Defendant to pay the Plaintiff $16,000.00. *Id.* Also, as part of the settlement, the Court ordered both parties to "work in good faith to resolve the employment situation of Mr. Rouillard for the future." *Id.* at p. 4. As part of the good faith effort to resolve Mr. Rouillard's employment situation a qualified rehabilitative consultant (QRC) was to be hired by the Defendant to help resolve Mr. Rouillard's employment situation. *Id.* at p. 4.

It has now been nine months since the court settlement and the Postal Service has not appointed a QRC to evaluate Mr. Rouillard's employment situation. Exhibit B: Sivertson Affidavit. In fact, Mr. Rouillard's employment situation has not changed at all since the court settlement. He goes to work at the St. Cloud facility and does nothing. Exhibit B: Sivertson Affidavit.

SCANNED
MAY 18 2004
U.S. DISTRICT COURT MPLS

The only thing the Postal Service has done since the trial is set up an appointment on May 11, 2004 for Mr. Rouillard with yet another vascular specialist. Exhibit B: Sivertson Affidavit. This was done despite the fact that Mr. Rouillard's injury and his work limitations were accepted by the Department of Labor as far back as December, 1997. Exhibit B: Sivertson Affidavit. Seeing another vascular specialist has nothing to with appointing a QRC to resolve Mr. Rouillard's employment situation.

Since the Postal Service has not appointed a QRC as it agreed to do pursuant to the terms of the settlement, Mr. Rouillard has no choice but to bring this motion to force the Postal Service to appoint a QRC for him and have his attorney fees paid as a result.

Dated: May 17, 2004.

LAW OFFICES OF
SIVERTSON AND BARRETTE, P.A.

By: ______________________
Alf E. Sivertson (122233)
Mark F. Gaughan (320729)
Attorney for the Plaintiff
The Barrister Building
1465 Arcade Street
Saint Paul, MN 55106-1723
(651) 778-0575

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT L. ROUILLARD | CIVIL ACTION NO. 01-2158 (ADM/RLE) |
| vs. | |
| JOHN E. POTTER, Postmaster General, United States Postal Service | Courtroom 13 West<br>Tuesday, August 12, 2003<br>Minneapolis, Minnesota |

**B E N C H  T R I A L**
**D A Y  2**

BEFORE THE HONORABLE ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

**A P P E A R A N C E S:**

For the Plaintiff:
**SIVERTSON & BARRETTE**
By: Alf E. Sivertson, Esquire
1465 Arcade Street
St. Paul, Minnesota 55106-1723

For the Defendant:
**OFFICE OF THE U.S. ATTORNEY**
By: Lonnie F. Bryan
Assistant U.S. Attorney
600 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Court Reporter:
**TIMOTHY J. WILLETTE, RDR, CRR**
Official Court Reporter - U.S.D.C.
1005 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415
612.664.5108

(10:35 a.m.)

P R O C E E D I N G S

IN OPEN COURT

THE COURT: Please be seated.

The record should reflect that counsel and the parties are in court in the matter of Rouillard vs. Potter. I guess there's been some confusion in the record since Henderson was the former postmaster and some of the pleadings say Henderson and some say Potter, but I think it was -- I checked yesterday and it was formally amended to be Potter as the current Postmaster General of the United States Postal Service.

Counsel, it is my understanding that you have had an opportunity to further explore settlement and I guess I'd like a report on the status of that conference.

Mr. Sivertson?

MR. SIVERTSON: We have come to terms and the terms are as follows:

That the plaintiff will be paid $16,000, and in addition to that, the language of the settlement agreement that Mr. Bryan and I are going to draft is going to specify that the settlement is for personal injury, sickness, illness.

THE COURT: For tax purposes?

MR. SIVERTSON: That's correct.

THE COURT: Okay.

MR. SIVERTSON: Well -- and since we're on the record, I mean, we do have a situation in which he had emotional suffering, which the ramifications were the depression and things like that, so that is an integral part of this settlement.

THE COURT: I understand.

MR. SIVERTSON: Okay. So those are the salient terms and the other things are going to be boilerplate provisions in the standard settlement agreement.

Lonnie, is there anything else that we need to add to that, or?

MR. BRYAN: No, your Honor. The boilerplate, of course, includes full and complete release of all claims and attorneys' fees and all matters that could have been brought at this time.

THE COURT: All right. Counsel, do you want to approach the bench for just a minute here?

(Discussion with counsel at the bench off the record)

IN OPEN COURT

THE COURT: All right. The record should reflect that I have conferred with counsel for both Mr. Rouillard and the United States Postal Service, and the record is going to reflect the fact that I'm going to order both parties, that is, you, Mr. Rouillard, and the United States Postal Service

-- and I guess they're personified today, Mr. Seviola, by your presence -- to work in good faith to resolve the employment situation of Mr. Rouillard for the future. The Court's concern, as I've told counsel, has been what I perceive as an untenable situation from both sides as to what the status quo has been and I want that issue resolved for the future. I understand that a QRC is going to be brought in and the parties are going to negotiate in good faith to resolve the employment situation such that this case doesn't have to be back before the Court relating to that aspect of the settlement agreement.

So, with that supplement to the record we've just established, Mr. Sivertson, was there anything else you wanted to put of record?

MR. SIVERTSON: No, I think that covers it, your Honor. Thank you.

THE COURT: All right. Mr. Bryan?

MR. BRYAN: No, ma'am.

THE COURT: All right. We will regard the case as closed at this point and await the stipulation of dismissal prior to formal closure of the case. Thirty days?

MR. BRYAN: Yes, ma'am.

MR. SIVERTSON: That's fine.

THE COURT: All right. Thank you.

(Proceedings concluded at 10:42 a.m.)

C E R T I F I C A T E

I, **TIMOTHY J. WILLETTE**, Official Court Reporter for the United States District Court, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes, taken in the aforementioned matter, to the best of my skill and ability.

**TIMOTHY J. WILLETTE, RDR, CRR**
Official Court Reporter - U.S. District Court
1005 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415-2247
612.664.5108

Exhibit B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Robert L. Rouillard,

Plaintiff,

**AFFIDAVIT OF ALF E. SIVERTSON**

v.

William J. Henderson, Postmaster General, United States Postal Service,

Civil No. 01-2158 ADM/RLE

Defendant.

Alf Sivertson, being first duly sworn on oath, states as follows:

1. I am the attorney for the Plaintiff, Robert L. Rouillard, in this action.

2. The transcript of settlement attached as Exhibit A to the Plaintiff's Memorandum in Support of the Motion to Enforce the Settlement Agreement is a true and correct copy of the settlement agreement made on the record during the second day of the trial of this case.

3. Attached to this Affidavit is an itemization of my attorney's time expended attempting to have the Postal Service abide by the terms of the settlement by appointing a QRC for Mr. Rouillard. Following the settlement, all post trial matters for the Postal Service were transferred to William Clark, the in-house legal counsel for the United States Postal Service in St. Louis, Missouri. As is indicated by the itemization of my time, I have had a number of telephone conferences with Mr. Clark about the Postal Service appointing a QRC for Mr. Rouillard. Mr. Clark at one point referred me to Joannie Marshall of the Minneapolis Post

Office Human Resource Department to talk about the appointment of a QRC. Despite my attempts, the Postal Service has not yet appointed a QRC for Mr. Rouillard.

4. What the Postal Service did do was set up an appointment for Mr. Rouillard on May 11, 2004 with a vascular specialist to again evaluate his injured right forearm But Mr. Rouillard's injured right wrist and hand and his work limitations have been accepted by the Department of Labor since December of 1997.

5. Mr. Rouillard's employment situation has not changed since the court settlement. He goes to work at the St. Cloud facility and does nothing.

6. My attorney fees to date, including bringing this motion, total $2,395.00. My normal hourly rate for employment litigation is $225 per hour. All of my time has been reasonably expended in an attempt to have the Postal Service abide by the terms of the settlement agreement by appointing a QRC for Mr. Rouillard.

FURTHER YOUR AFFIANT SAYETH NOT.

**STATE OF MINNESOTA )**
**) ss.**
**COUNTY OF RAMSEY )**

Alf E. Sivertson

Subscribed and sworn to before me this 17 day of May, 2004.

Notary Public

PATRICIA M. CASEY
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

LAW OFFICES OF

# Sivertson and Barrette

A PROFESSIONAL ASSOCIATION
THE BARRISTER BUILDING
1465 ARCADE STREET
ST. PAUL, MINNESOTA 55106

ATTORNEYS:
ALF E. SIVERTSON
MICHELLE M. BARRETTE
MARK F. GAUGHAN

TELEPHONE
651-778-0575
FAX: 651-778-1149

May 17, 2004

ROBERT ROUILLARD
903 Main Street East
St. Stephens MN 56375

IN REFERENCE TO: Post Office Retaliation - File No. 4249AS

PROFESSIONAL SERVICES RENDERED:

| | | HOURS | AMOUNT |
|---|---|---|---|
| 12/2/03 | Review Bob's facts and law; review David Parker decision; review Colleen Martin's QRC decision; appearance at meeting called by Forsman | 1.80 | 405.00 |
| 1/29/04 | Review trial notebook, defendant's statement of the case, and Meester case in prep for meeting with client | 0.70 | 122.50 |
| | Conference with Mark, Bob and Nancy to discuss strategy regarding enforcing the settlement agreement | 0.50 | 112.50 |
| 2/9/04 | Draft letter to Lonnie Bryant | 0.70 | 157.50 |
| 2/24/04 | Telephone conference with Lonnie Bryan regarding POs position | 0.30 | 67.50 |
| | Telephone conference with Bob regarding talk with Bryan | 0.20 | 45.00 |
| 3/5/04 | Telephone conference with Bill Clark; Telephone conference with Bob | 0.20 | 45.00 |

| | | HOURS | AMOUNT |
|---|---|---|---|
| 3/30/04 | Telephone conference with Bill Clark; Telephone call to Bob | 0.20 | 45.00 |
| 4/13/04 | Telephone conference with Bob regarding him filing with Dept. of Labor about no work | 0.10 | 22.50 |
| 4/14/04 | Telephone conference with Joannie Marshall of Minneapolis Post Office Human Resources regarding the QRC; Telephone conference with Bill Clark regarding QRC | 0.20 | 45.00 |
| 4/15/04 | Telephone conference with Bob regarding Dept. of Labor sending him to a new doctor | 0.20 | 45.00 |
| 4/19/04 | Telephone call to Gertie Simon regarding motion date; Telephone conference with Bob regarding same | 0.20 | 45.00 |
| | Telephone conference with Judge Montgomery's assignment clerk regarding motion date; Telephone call to Bob; Telephone call to Clark's office for his address and Fax | 0.20 | 45.00 |
| 4/21/04 | Conference with Mark to go over motion to enforce settlement agreement | 0.30 | 67.50 |
| 5/5/04 | Draft Notice of Motion and Motion; Start draft of Memorandum | 1.60 | 360.00 |
| 5/17/04 | Complete Memorandum; Prepare my Affidavit; Draft letter to Court, to Judge Montgomery and opposing counsel regarding filing and service | 3.40 | 765.00 |
| | FOR PROFESSIONAL SERVICES RENDERED | 10.80 | $2,395.00 |
| | BALANCE DUE | | $2,395.00 |