**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert L. Rouillard,

Plaintiff,

v.

**ORDER**
Civil No. 01-2158 ADM/RLE

John E. Potter, Postmaster General, United States Postal Service,

Defendant.

---

Alf E. Sivertson, Esq., Sivertson & Barrette, P.A., St. Paul, MN, on behalf of Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, on behalf of Defendant.

---

This matter is before the undersigned United States District Judge pursuant to Plaintiff Robert L. Rouillard's ("Plaintiff") Motion to Enforce the Settlement Agreement [Docket No. 56]. Plaintiff seeks an order requiring Defendant the United States Postal Service ("Postal Service") to appoint a qualified rehabilitative consultant ("QRC") to evaluate Plaintiff's employment situation. For the reasons explained below, Plaintiff's Motion is denied.

This litigation arose from Plaintiff's dissatisfaction with his employment at the Postal Service. Plaintiff has a degenerative vascular disease that impairs the use of his hands and limits his ability to perform repetitive tasks. Compl. ¶ 9. He sued the Postal Service and alleged that it did not provide him with productive work. Id. The parties reached a verbal settlement on August 12, 2003, on the second day of a bench trial regarding this matter. See Tr. at 2-4 (Mem. in Support Ex. A). They executed a written settlement ("Settlement Agreement") on September 5, 2003. See Stipulation for

Compromise Settlement (Mem. in Response Ex. 4). On November 1, 2003, Plaintiff dismissed all claims against Defendant which arose from this matter. See Release (Mem. in Response Ex. 5).

Plaintiff now moves to enforce the Settlement Agreement and contends contrary to the Postal Service's statements on the record during the August 12, 2003 proceedings, it has not appointed a QRC to review Plaintiff's case. The Postal Service argues that this Court lacks jurisdiction to enforce the Settlement Agreement. Further, even assuming the Court has jurisdiction, the Postal Service claims that the Settlement Agreement does not require it to employ a QRC to evaluate Plaintiff's job duties.

Starting with the Postal Service's jurisdictional argument, this Court lacks jurisdiction to enforce the Settlement Agreement. "Enforcement of a settlement agreement . . . whether through an award of damages or decree of specific performance, is more than the continuance or renewal of the dismissed suit and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994); Sheng v. Starkey Laboratories, Inc., 53 F.3d 192, 195 (8th Cir. 1995). Plaintiff has not established a separate jurisdictional basis for the Settlement Agreement in this case. Further, in entering judgment dismissing the case, this Court did not retain jurisdiction to enforce the Settlement Agreement, or incorporate the Settlement Agreement into the dismissal. See Order of Dismissal [Docket No. 54]; Schaefer Fan Co., v. J & D Manufacturing, 265 F.3d 1282, 1286-87 (8th Cir. 2001). Consequently, this Court cannot enforce the Settlement Agreement.

Even assuming that jurisdiction exists, the Settlement Agreement does not require the Postal Service to hire a QRC. First, the written Settlement Agreement says nothing about employing a QRC to evaluate Plaintiff's job tasks. See Stipulation for Compromise Settlement. Rather, the parties discussed and rejected this requirement during settlement negotiations, indicating that they did not intend

to include the provision in the final Settlement Agreement. See Letter from Bryan to Sivertson of 08/28/03 (Mem. in Response Ex. 6). Second, this Court did not order the Postal Service to appoint a QRC, but ordered the parties "to negotiate in good faith to resolve [Mr. Rouillard's] employment situation." See Tr. at 4. Therefore, the Court's statements from the August 12, 2003 proceeding do not require the Postal Service to hire a QRC.

For the reasons stated herein and on the record, and based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce the Settlement Agreement [Docket No. 56] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 28, 2004.